UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL MANGIONE,<br><br>Defendant. | No. 17-CV-5305 (NMG/RML) |

## AGREEMENT FOR COMPROMISE SETTLEMENT AND RELEASE

This Agreement ("Agreement") is entered into between Plaintiff the United States of America ("United States") and Defendant Paul Mangione ("Mangione"). The United States and Mangione are collectively referred to herein as "the Parties" to the above-captioned civil action ("this Action").

## RECITALS

A. On September 11, 2017, the United States commenced this Action against Mangione by filing a Complaint to recover civil penalties from Mangione pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 498, tit. IX, § 951, *codified as amended at* 12 U.S.C. § 1833a.

B. The Complaint alleges that between April 11, 2007 and June 27, 2007 (the "Relevant Period"), Mangione engaged in violations of predicate offenses under FIRREA in connection with two residential mortgage-backed securities ("RMBS"), ACE 2007-HE4 and ACE

2007-HE5, issued by Deutsche Bank[1]. The Complaint asserts claims for civil penalties under FIRREA against Mangione as to these securitizations ("the Subject Deals").

C. Mangione filed a motion to dismiss the Complaint, and the United States opposed this motion. The motion to dismiss has not yet been adjudicated and is still pending before the Court.

D. "Covered Conduct" as used herein is defined as the conduct alleged in the Complaint, as well as, more broadly:

    a. the creation, pooling, structuring, sponsorship, arranging, formation, packaging, marketing, underwriting, sale, or issuance of RMBS by Deutsche Bank prior to January 1, 2009, including but not limited to the Subject Deals; and

    b. the representations, disclosures, or non-disclosures by Mangione to RMBS investors and rating agencies made in connection with the activities set forth above, where the representation, disclosure, or non-disclosure involves information about (or obtained during the origination, purchase, acquisition, securitization, underwriting, or servicing of) residential mortgage loans.

E. Covered Conduct does not include:

    a. conduct relating to the origination of residential mortgages, except for representations, disclosures, or non-disclosures by Mangione about the

---

[1] As used in this agreement, the term "Deutsche Bank" has the same meaning as defined in footnote 1 of the Complaint in this Action.

          origination of such loans, or about information obtained in the course of originating such loans;

    b.    conduct relating to the servicing of residential mortgage loans, except representations, disclosures, or non-disclosures by Mangione about the servicing of such loans, or about information obtained in the course of servicing such loans; or

    c.    conduct relating to collateralized debt obligations and other derivative securities, or to the secondary trading of RMBS, as well as representations, disclosures, or non-disclosures made in connection therewith, except to the extent that such conduct, representations, disclosures, or non-disclosures relate to the Subject Deals.

F.    All Parties desire to bring this matter to an expeditious and mutually acceptable resolution so as to avoid the delay, uncertainty, inconvenience, and expense of further litigation.

G.    The Parties have therefore determined and decided to enter into this Agreement, in mutual consideration of the promises, covenants, and obligations set forth below.

H.    This Agreement is made in compromise of disputed claims. The Parties acknowledge that this Agreement is made without any trial or adjudication or judicial finding of any issue of fact or law, and is not a final order of any court or governmental authority. This Agreement does not constitute an admission by Mangione of any facts or liability or wrongdoing, including, but not limited to, any liability or wrongdoing with respect to any allegations that were or could have been raised in this Action. This Agreement also does not constitute a concession by the United States that its claims are not well-founded, and nothing in this Agreement should be

construed as, or deemed to constitute, approval, sanction, or authorization by the United States of any of Mangione's actions or business practices, or of any event or action alleged in the Complaint.

## TERMS AND CONDITIONS

1. **Payment.**

    a. Mangione agrees to pay the amount of five-hundred-thousand dollars (US$500,000) to resolve the claims against him brought in this Action.

    b. Within fifteen (15) business days of receiving written payment processing instructions from the United States Attorney's Office, the entire amount set forth above in paragraphs 1.a (known hereafter as the "Settlement Amount") shall be paid by electronic funds transfer to the United States.

    c. The entirety of the Settlement Amount is a civil monetary penalty recovered pursuant to FIRREA, 12 U.S.C. § 1833a.

    d. Each Party shall bear its own legal and other costs, fees, and expenses incurred in connection with this Action, including those incurred in the preparation and performance of this Agreement.

2. **Voluntary Dismissal.** Within two (2) business days after the United States Attorney's Office confirms receipt of payment of the full Settlement Amount, and in consideration of such payment, the Parties shall execute and file in the District Court for the Eastern District of New York a Stipulation of Voluntary Dismissal with Prejudice, in the form attached hereto as Exhibit A, which shall dismiss with prejudice all claims in this Action in their entirety against Mangione. However, the Stipulation and Protective Order entered by the Court on May 30, 2018 (ECF No. 24), shall survive the dismissal of this Action to the extent necessary to govern the return or destruction of documents that the Parties or any non-Parties have designated as Confidential

FIRREA Material or Confidential Information, and the Parties shall cooperate with each other to effectuate the terms of those Stipulations.

3. **Releases by the United States.** Subject to the exceptions set forth in Paragraph 4 ("Excluded Claims"), in consideration for and conditioned upon Mangione's full and timely payment of the Settlement Amount, the United States fully and finally releases Mangione from all claims that were or could have been asserted by Plaintiff the United States in this Action, as well as any other civil claim the United States has against Mangione for the Covered Conduct, where such civil claim arises under:

    a.    FIRREA, 12 U.S.C. § 1833a;

    b.    the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*;

    c.    the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801, *et seq.*;

    d.    the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*;

    e.    the Injunctions Against Fraud Act, 18 U.S.C. § 1345;

    f.    common law theories of negligence, gross negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, breach of contract, misrepresentation, deceit, fraud, and aiding and abetting any of the foregoing; and

    g.    any other claim that the Civil Division of the Department of Justice has actual and present authority to assert and compromise pursuant to 28 CFR § 0.45(d).

4. **Reservations by the United States (Excluded Claims).** Notwithstanding the Releases by the United States set forth in Paragraph 3, and notwithstanding any other term of this Agreement, the United States specifically reserves, and does not release Mangione from, the following claims, regardless of the relationship of such claims to the Covered Conduct:

  a. any criminal liability;

  b. any liability of any person or entity other than Mangione;

  c. individual liability of any person except Mangione;

  d. any liability arising under Title 26 of the United States Code (the Internal Revenue Code);

  e. any administrative liability, including the suspension and debarment rights of any federal agency, establishment, instrumentality, or corporation; and

  f. any liability based upon obligations created by this Agreement.

5. **Clarification of Excluded Claims.** For the avoidance of doubt, nothing in this Agreement shall be construed as suggesting that the United States Department of Justice has the authority to release, or by this Agreement is releasing:

  a. any private right of action that entities other than the United States may have against Mangione, regardless whether such claims have been asserted or not; or

  b. any liability to or claims of the Federal Deposit Insurance Corporation ("FDIC") (in its capacity as a corporation, receiver, or conservator), National Credit Union Administration (in its capacity as a corporation, receiver, or conservator), Federal Housing Finance Agency, any of the Federal Home Loan Banks, the Federal Reserve Board and its member institutions, the Consumer Financial Protection Bureau, the Securities & Exchange Commission ("SEC"), or the Federal Trade Commission.

6. **Releases and Waivers by Mangione.**

  a. Mangione hereby irrevocably releases the United States, its agencies, establishments, and instrumentalities, together with their respective officers, officials, agents,

employees, and servants, from any and all claims (including claims for attorney's fees, costs, and expenses of every kind), however denominated, that Mangione has asserted, could have asserted, or may assert in the future against the United States, its agencies, establishments, instrumentalities, officers, officials, agents, employees, and servants, related to the Covered Conduct or related to the investigation and litigation thereof.

    b.  Mangione hereby irrevocably waives, and agree not to assert, any rights that he otherwise might have to seek any form of indemnification, reimbursement, or contribution from the FDIC in any capacity, for any payment that is a portion of the Settlement Amount.

c. Mangione hereby irrevocably waives and agrees not to assert any defenses that he may have to any criminal prosecution or administrative action relating to the Covered Conduct as to which the defense is based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the United States Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

d. Mangione hereby agrees to separately determine and account for all Unallowable Costs for government contracting purposes, and not to charge any Unallowable Costs, directly or indirectly, to any contract that he may have with the United States, or with any agency, establishment, or instrumentality of the United States. For purposes of this provision, an "Unallowable Cost" is any cost (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of in connection with: any matters covered by this Agreement; the negotiation and performance of this Agreement; the Settlement Amount payments made pursuant to this Agreement; the litigation and settlement of this Action, including any attorney's fees and costs; the United States' investigation of any matters covered by this Agreement; and Mangione's investigation, defense, and corrective actions undertaken in response to the United States' investigation and litigation of any matters covered by this Agreement.

8. **Miscellaneous Provisions.**

a. This Agreement is governed by, and shall be construed according to, the laws of the United States.

b. The Parties agree that the exclusive jurisdiction and venue for any dispute relating to this Agreement or its construction is the United States District Court for the Eastern District of New York, and further agree to submit to the jurisdiction of that court (including

personal jurisdiction) for any dispute relating to this Agreement or its construction or enforcement, as well as for any dispute relating to the Stipulation and Protective Order entered by the Court on April 30, 2018 (ECF No. 24).

  c. This Agreement is intended for the benefit of the Parties only and does not create any third-party rights.

  d. The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below. Each Party and signatory to this Agreement represents that it/he/she freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

  e. This Agreement shall be deemed to have been drafted by all Parties and shall not, therefore, be construed against any Party for that reason in any dispute.

  f. This Agreement constitutes the complete and entire agreement between the Parties and may not be amended except by written consent of all of the Parties.

  g. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

  h. This Agreement is binding on Mangione's successors, transferees, heirs, and assigns.

  9. **Disclosure.** All Parties agree that this Agreement may be made public in its entirety, and expressly consent to such release and disclosure.

  10. **Effective Date.** This Agreement shall take effect on the date of signature of the last signatory to the Agreement.

For Plaintiff the United States of America:

                        RICHARD P. DONOGHUE
                        United States Attorney
                        Eastern District of New York

By:     Edward K. Newman
        Assistant United States Attorney
        Eastern District of New York
        271A Cadman Plaza East
        Brooklyn, NY 11201
        Phone:  (718) 254-7000

Dated: 10/23/19

For Defendant Paul Mangione

*[signature]*

Patrick Smith, Esq.
Smith Villazor L.L.P.
250 West 55th Street, 30th Floor
New York, NY 10019
(212) 377-0854

Dated: 10/22/2019